

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. O-4464
Re: What is the minimum salary
that the Commissioners'
Court can pay the County
Clerk for San Patricio
County for the year 1942?
What is the maximum salary
that can be payed the Coun-
ty Clerk for the year 1942?

Your letter requesting the opinion of this Department
on the above stated questions reads in part as follows:

"The population of San Patricio County according
to the 1930 census was 25,846 and the population accord-
ing to the 1940 census is 28,871.

"The fees of office for the County Clerk for San
Patricio County for the year 1935 were as follows:

| | | |
|---|---|---|
| Total fees earned | | $7,421.47 |
| Authorized deductions (Art 5890) | | |
| Deputy Hire | $4850.00 | |
| Bond Premium | 15.00 | |
| Fees allowed (Art. 3883) | 2400.00 | |
| Total deductions | $7265.00 | 7,265.00 |
| Total excess fees of office | | 156.47 |
| 1/3 of excess fees (Art. 3891) | | 52.16 |
| Ex-Officio Salary paid | | 1,000.00 |
| Fees allowed (Art. 3883,PP. 1) | | 2,400.00 |
| Total compensation | | $3,452.16 |

"Question.
"What is the minimum salary that the Commis-
sioners Court can pay this officer for the year 1942?
What is the maximum salary that the Commissioners Court
can pay this officer for the year 1942?"

Article 3912e, Section 13, Vernon's Annotated Civil
Statutes reads in part as follows:

"The Commissioners' Court in counties having
a population of twenty thousand (20,000) inhabi-
tants or more, and less than one hundred and ninety
thousand (190,000) inhabitants according to the last
preceding Federal Census, is hereby authorized and it
shall be its duty to fix the salaries of all the fol-
lowing named officers, to-wit:  sheriff, assessor and
collector of taxes, county judge, county attorney, in-
cluding criminal district attorneys and county attor-
neys who perform the duties of district attorneys,
district clerk, county clerk, treasurer, hide and ani-
mal inspector.  Each of said officers shall be paid in
money an annual salary in twelve (12) equal instal-
ments of not less than the total sum earned in compen-
sation by him in his official capacity for the fiscal
year 1935, and not more than the maximum amount allowed
such officers under laws existing on August 24, 1935.
. . . ."

Opinion No. 0-2560 of this Department holds, among
other things, that the salaries for the officers named in
Section 13, Article 3912e, and counties having a population
of twenty thousand inhabitants or more and less than one hun-
dred and ninety thousand inhabitants according to the last
Federal census, should be fixed for the year 1941, as pro-
vided by law existing August 24, 1935, regardless of the
population of such counties as shown by the 1940 Federal
Census.  We enclose a copy of said opinion for your convenience.

Opinion No. 0-2582 of this Department dealt with
the situation relative to the salaries of the officers of
Travis County, Texas, where the population of that county
had increased from 77,777 inhabitants in 1930 to 110,686
inhabitants according to the 1940 census.  This opinion

holds that the change in population of Travis County, as shown by the Federal census of 1940, has no effect whatever upon the salaries of the district and county officers named in Article 3912e, Section 13, Vernon's Annotated Civil Statutes, and that the maximum salary to be allowed such officers was the maximum allowed the officers by laws existing August 24, 1935, to-wit, $4,750. We enclose herewith a copy of said opinion.

In the case of Nacogdoches County vs. Winder (Beaumont Court of Civil Appeals) 140 S. W. (2) 972, (Writ refused), referring to Section 13 of Article 3912e, and Article 3891, Vernon's Annotated Civil Statutes, it was said:

"Under these statutes the salary of the county clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3500.00."

On August 24, 1935 the population of San Patricio County, Texas, according to the then last preceding Federal Census of 1930 was 23,846 inhabitants, and at that time, the maximum amount to which the county clerk was entitled, under Article 3883 and 3891, Vernon's Annotated Civil Statutes, was the sum of $3000.00 per year.

Under the facts stated in your letter the county clerk of San Patricio County earned more than the maximum compensation of $3000.00 per year for the year 1935, which was allowed by virtue of Article 3883 and 3891. The maximum compensation which could have been legally retained by the county clerk for the year 1935 was the sum of $3000.00. Therefore, the Commissioners' Court has no authority to set the salary of the county clerk of San Patricio County at any sum less than $3000.00 for the year 1942, nor can the Commissioners' Court set the salary of said county clerk for more than $3000.00 for the year 1942. In other words the salary of the county clerk for said county for the year of 1942 must be set at the sum of $3000.00.

We also enclose herewith copies of Opinions No. O-2748 and O-2939 of this Department which deal with similar questions.

Honorable Burl Brittain, page 4

Trusting that the foregoing fully answers your inquiry we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 28, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

EAS. - 4
AW:EBT

